# TEXAS & PACIFIC R'Y. CO. v. DAN JOHNSON & WIFE.

SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Practice.*—Objection to evidence must be presented by bill of exception—mere note in the statement of facts that the evidence was objected to will not suffice.

*Same—Charge of the Court.*--Note the opinion for a charge of the court, authorized by the evidence in the case, for which also, see the opinion.

*Same—Expert Testimony.*—An expert, in order to qualify, must show that, upon the subject he is called to depose to, he is in fact an expert—unless upon being tested he shows a peculiar familiarity with the subject, he ought to be rejected. .

Appeal from Grayson county.

Mary Johnson, joined by her husband Dan Johnson brought this suit to recover of appellant, damages, alleging that the said Mary Johnson purchased a first class ticket at Bonham which entitled her to transportation from Bonham to Sherman, Texas, on appellant's line of railway in a first class car; that as she was proceeding to enter a first class car on one of the trains of appellant going from Bonham to Sherman, a brakeman at the door of said car forbade her entering said car and rudely pushed her back against an iron railing inflicting thereby serious injuries upon her person, and forced her to go into another car wherein were drunken men, and wherein she was exposed to impolite language and rude treatment. She claimed $800.00 actual damages and $200.00 exemplary damages.

Appellant pleaded a general denial, and specially that the coach from which she was excluded was full of passengers and that there was no room in it for her, and that if she was assaulted as alleged it was against appellant's orders and malicious on the part of the brakeman.

A trial of the case resulted in a verdict and judgment for appellee for $650.00.

1. Appellant's first assignment of error, is, that the court erred in admitting the evidence of Harriett Hamilton and Mary Johnson as to conduct of another passenger, "cannot be considered for the reason that the objections made thereto on the trial are not presented in this court by a bill of exceptions." It is noted in the statement of facts that this evidence was objected to, and the objections overruled and that appellant excepted, but the statement of facts was not filed until after adjournment of the court for the term, and therefore the exceptions thus taken cannot be considered. (Blum vs. Schram, 58 Texas, 524; G. C. & S. F. R'y. Co. v. Eddins. 3 Texas Law Rev., 67; Lockett et al. vs. Schurenburg, 3 Texas Law Rev. 98.)

2. Second assignment of error: "The court erred in giving the first charge to the jury because it makes a distinction as to her sex and the car in which her sex were to ride, the evidence not showing

that there was any particular car for her sex. "The first charge referred to in this assignment is as follows:

"If you believe from the evidence, that plaintiff, Mary Johnson had purchased of defendant a first class ticket as alleged by her, this entitled her to be carried between the points called for in said tickets in the cars provided by defendant for the carriage of persons of her sex riding on such tickets, and to as good accommodations as other persons of her sex using the same kind of tickets and if you believe from the evidence that said plaintiff had such a ticket which entitled her to ride in defendant's cars from Bonham to Sherman, and that she was refused admission to the car in which she was entitled to ride, and compelled to ride in a car of less accommodations and less confortable than the one she was entitled to ride in, by defendant's servants and agents in charge and that in so excluding her from the car in which she was entitled to ride and compelling her to ride in said other car, defendant's said servant or agent assaulted said plaintiff and pushed and caused her to fall against the brake or railing of the cars whereby she sustained injury, you will find in favor of the plaintiff such amount of actual damages as she may have sustained by reason of said acts and in estimating this damage, you will take into consideration all the circumstances and allow her compensation for any injury to her feelings, pain and humiliation of mind you may believe she suffered by reason thereof, as well as the actual inconvenience and bodily injury including both mental and physical pain, you believe she suffered by reason thereof."

We do not think the objection to this charge made by the second assignment is a sound one. It was alleged in the petition that the petitioner Mary Johnson was excluded from the coach known as the "ladies coach" and compelled to ride in the coach known as the "smoking coach," and this allegation was sustained by the evidence, and it was further proved that the ladies traveling upon said train were riding in the ladies coach and that said appellee was the only lady who was compelled to ride in the "smoking coach." It was also shown that the "smoking coach" contained intoxicated men, who were boisterous and using profane language, smoking, etc.

We think both the pleading and evidence justified and demanded the charge as given. But even if the charge was objectionable in the particular complained of it is manifest that no injury resulted

therefrom to the rights of appellant and it would not be such error in view of the evidence in this case as would authorize a reversal of the judgment. (Texas Land Co. v. Williams, 51 Texas, 51; R. R. Co. vs. Delachenty, 53 Texas, 206; W. & W. Con. Rep., sec's. 413, 626.)

3. It is objected to the third assignment of error that the charge we have quoted is erroneous "because there was no evidence of mental suffering or humiliation." We think there was ample evidence to call for this charge. Appellee, Mary Johnson was accompanied on her journey by her aunt, Harriett Hamilton, and upon entering upon the train she was rudely separated from her traveling companion and compelled to ride separate from her in a coach wherein were drunken men, who were cursing and using profane and indecent language in her presence and one of whom used improper familiarity towards her. She was the only lady in that coach, while in the ladies coach was her aunt and other ladies. These facts being in evidence would certainly justify the conclusion that she was subjected to mental suffering and humiliation.

4. Appellant's fourth assignment of error is that "the court erred. in refusing to give the first charge asked by defendant because the evidence showed that the coach in which plaintiff was placed was, as comfortable as the one she desired to enter." The charge referred to reads as follows: "If you believe from the evidence that the coach in which Mary Johnson, plaintiff, was placed was as comfortable as the other coach, then you will find for defendant."

We think this charge was sufficiently and in a more correct form embraced in the charge given by the court. Besides in the shape in which it was requested, it was not the law of the case. It left out of view entirely the alleged assault upon the plaintiff and the injury caused thereby to her and directed the jury to find for the defendeant if the *two* cars were equal in comfort. Even if there was no difference in the comfort of the cars, the plaintiff would still be entitled to recover damages for the injury if any, suffered by her by reason of the *manner* in which she was excluded from the ladies coach.

5. Appellant's sixth asignment of error is the refusal of the court to give the following special charge requested: "Defendant is not responsible to plaintiffs for any insult or improper treatment by other passengers not called to attention of defendant's employes."

We do not think there was any error in refusing this instruction;

It does not fairly and fully state the law upon this subject. If the conductor of defendant's train in the discharge of his duties as such, ought to have known that there were drunken men in the car with plaintiff who were boisterous, profane and insulting in their language and manners, the company would be equally responsible as if said conductor had actually been cognizant of the facts, and to fix such responsibility it is not necessary that the facts which ought to have been known by the conductor should have been called to his attention. The duty of protection which the carrier owes to the passenger includes a responsibility for the unlawful acts of fellow-passengers when by the exercise of the highest decree of care those acts might have been foreseen and presented. (Thompson on Carriers of Pass. p. 303, sec. 4; Putnam v. R. R. Co., N. Y. 108 ; Flint v. Norwich Trans. Co., 44 Conn., 554; R. R. Co. v. Pillow, 76 Pa. Sh., 510 ; R. R. Co. v. Burke, 53 Miss. 200 ; Kentle v. R. R. Co., 2 Tex. Law Rev., p. 309.) The court is under no obligation to change or modify instructions asked so as to make them proper and legal. (W. & W. Con. Rep., sec. 1006.)

6. The seventh and last assignment of error is, "that the verdict is excessive in amount." The verdict is for *actual* damages only, the question of exemplary damages not being submitted or passed upon by the jury. Actual damages in this case included the mental and physical suffering occasioned appellee, Mary Johnson, by the wrongful acts complained of. There is no fixed and definite rule of law by which to estimate and assess these damages. "In all cases where there is no rule of law regulating the assessment of damages and the amount does not depend upon computation, the judgment of the jury, and not the opinion of the court, is to govern, unless the damages are so excessive as to warrant the belief that the jury must have been influenced by partiality or prejudice, or have been misled by some mistaken views of the merits of the case." (Field on Damages, p. 684.) And before an appellate court will set aside a verdict upon this ground it must appear, manifest and clear, that it is excessive. (Clark v. Udell, 2 Salk, 649 ; Macon etc. vs. Winn, 26 Ga., 250; Russ vs. Steamboat, 14 Id., 365.)

When the evidence in this case is considered, we do not think the verdict can be regarded as excessive; at least it does not appear manifestly and clearly to our minds that such is the case, and we cannot say that the court erred in refusing to set the verdict aside.

7. There are other assignments of error in the record which are not presented in the brief of counsel for appellant, and we therefore treat them as waived and do not pass upon them, none of the questions presented by said assignments being fundamental in their nature. (W. & W. Con. Rep., sec's. 1059, 1183.)

There being to error in the judgment it is affirmed. Willson, J.